[Crim. No. 208. Department One.—April 30, 1898.]

# THE PEOPLE, Respondent, v. GRAY G. SOUTHERN, Appellant.

CRIMINAL LAW—HOMICIDE—EVIDENCE—DYING DECLARATIONS ADMISSIBLE FOR DEFENDANT.—The dying declarations of the deceased made in *extremis*, are admissible as evidence for the defendant; and the fact that there is evidence of circumstances from which the jury might infer that the deceased was mistaken as to the identity of the party who was his assailant does not affect the admissibility of his dying declaration as to the person by whom he was shot.

ID.—PRACTICE—MANAGEMENT OF PROSECUTION.—It is better practice for both the prosecutor and the court to be liberal in regard to the matter of objections to evidence for the defendant, and under all ordinary conditions to resolve doubtful questions in favor of the defendant; and it is dangerous practice to attempt to hew to the very line of the law, as the slightest encroachment upon the other side may result in a mistrial.

ID.—VIEW OF SCENE OF HOMICIDE—DISCRETION.—It rests with the appellant to show error affirmatively in the action of the court in allowing a view to be taken by the jury of the scene of the homicide. The court has absolute discretion in granting or refusing an application for such a view; and, under ordinary circumstances, the safer course would be to refuse it, owing to the danger that something may occur in taking the view which will create a mistrial of the cause.

APPEAL from a judgment of the Superior Court of Orange County and from an order denying a new trial. J. W. Towner, Judge.

The facts are stated in the opinion of the court.

Charles S. McKelvey, and Brousseau & Montgomery, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

GAROUTTE, J.—The defendant has been convicted of murder of the second degree, and now prosecutes this appeal. The deceased was an Indian, and his death was caused by a shot from a pistol. The shooting occurred upon a public street of the city of Santa Ana, at about the hour of 10 P. M. The defendant denied that he fired the shot, or was present at the scene of the shooting.

During the progress of the trial, when the time arrived for the defendant to present his case, he proposed to prove a dying declaration of the deceased. This declaration was made by deceased in answer to a question put to him by a bystander a few moments after the shooting, and was to the effect that he (deceased) was shot by a Mexicano (Mexican). In view of the fact that the defendant is an American, the importance of this evidence to him is readily perceptible. There was evidence introduced tending to show that the defendant a few moments before the shooting addressed the deceased in the Mexican dialect, and also other evidence indicating that the locality where the shooting occurred was but dimly lighted. From these circumstances it could well be argued to the jury that the deceased was mistaken as to the identity of the party who was his assailant; but this fact sheds no light whatever upon the question as to the admissibility in evidence of this declaration of the deceased. In view of the objections that were sustained to nearly all questions addressed to the witnesses by counsel for defendant looking toward the establishment of a sufficient foundation upon which to rest the admission of evidence of this declaration of the deceased to the effect that he was shot by a Mexican, it would seem that the trial court took the broad ground that a dying declaration made by the deceased which is favorable to a defendant on trial, cannot be introduced before the jury for his benefit. Evidence tending to show that the statement of the deceased was one made *in extremis,* and, therefore, admissible as a dying declaration, was rejected; for that reason we are not called upon here to examine the sufficiency of the foundation laid to form the basis for the admission of the dying declaration.

Let us concede this declaration admissible unless for the single reason that it was favorable to defendant. Is that reason good in law? There is a dearth of authority upon the question. In *Rex v. Scaife,* 1 Man. & R. 551, Justice Coleridge asked counsel for the prisoner if they could refer him to a case where the declaration of a dying man in favor of a prisoner had been received in evidence; and counsel replied that they had searched for such a case, but had not found it. In *People v. McLaughlin,* 44 Cal. 436, this court volunteered to cast some doubt upon the admissibility of such declarations, but expressly stated that it did not give an opinion upon the point. The court in *Moore v. State,*

12 Ala. 767, 46 Am. Dec. 276, said: "We conceive the rule to be that the dying declarations of the deceased may be given in evidence, as well to acquit as to convict the accused, and they are not limited as evidence in favor of the state alone." The same principle is also declared in *People v. Knapp,* 26 Mich. 112, the court there holding that the prisoner had the same right with the people to show dying declarations, and stated that the rule would be very unjust unless so applied. 1 Greenleaf on Evidence, section 159, and 3 Russell on Crimes, 270, seem to be in line with the two cases cited.

Upon principle, there is no reason why a defendant is not entitled to invoke as evidence the dying declarations of the deceased. If such declarations are competent evidence to prove facts, what matters it that such proof tends to acquit the defendant, rather than convict him? The state is as much interested in acquitting an innocent man charged with crime as it is in convicting a guilty man so charged. And surely the probability of the truth of a statement made by the dying deceased tending to justify the assault upon him by the defendant is entirely equal to the probability of the truth of a statement made by him bearing against the defendant. Indeed, there is no sound reason to be urged why the statement in one case should be received as evidence, and in the other case rejected. It may be said that this reasoning does not apply with full force in the present case, for here it is denied that defendant even assaulted the deceased; but the principle we have invoked applies nevertheless, and, when it is shown that the statement is a dying declaration in the sense of the law, a defendant is entitled to have it placed before the jury for its consideration.

A multitude of exceptions are disclosed by the record taken to the rulings of the court upon questions addressed to various witnesses. Many of these exceptions present close questions of law. It would seem that the prosecuting officer was zealous in objecting to all questions asked by counsel for defendant where a doubt existed in his mind as to their legal soundness. It is always a dangerous practice to thus attempt to hew to the very line of the law, for the slightest encroachment upon the other side may result in a mistrial. A much better practice is for both the prosecutor and the court to be liberal in these matters, and under all

ordinary conditions resolve doubtful questions in favor of the defendant. It is a safer and better course, for it will seldom interfere with the substantial administration of justice and often prevents mistrials which follow as a result of an effort to rigidly adhere to the letter of the law.

There are many of these alleged errors occurring during the progress of the trial, upon which appellant relies for a reversal of the judgment. Some of them present important questions of law, but, as a new trial must be ordered upon other grounds, they will not be considered. For upon a second trial it is evident they will not again arise.

The court allowed a view to be taken by the jury of the scene of the homicide. Error is now predicated upon this proceeding. It rests upon appellant to show error in this regard, and in the absence of an affirmative showing to that effect the proceeding will be sustained. He has made no such showing here. It may be suggested that the trial court has an absolute discretion in granting or refusing an application for a view, and under any ordinary circumstances the safer course would be a denial of the application. There is always great danger that something may be said or done, or omitted to be done, in taking a view, which will operate in creating a mistrial of the cause. We find no sound objection to the law given by the court to the jury.

For the foregoing reasons the judgment and order are reversed, and the cause remanded for a new trial.

Van Fleet, J., and Harrison, J., concurred.